UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
        v.                      )       No. S1-4:11CR481 SNLJ
                                )                     (FRB)
OTIS McALLISTER,                )
                                )
            Defendant.          )


**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**


All pretrial motions in the above cause were referred to
the undersigned United States Magistrate Judge pursuant to 28
U.S.C. § 636(b).

Defendant's Motion For Severance (Docket No. 196)

In his motion the defendant seeks a separate trial from
his co-defendants.  As grounds in support of the motion the
defendant asserts four grounds.  First he avers that at a joint
trial he will be unable to call and examine his co-defendants as
witnesses, whose testimony he claims would support his defense.
Secondly he asserts that the government intends to offer into
evidence statements made by his co-defendants to law enforcement
officials and which in inculpate him, and that he will not be able
to cross-examine those co-defendants, in violation of his Sixth
Amendment right to confront and cross-examine the witnesses against
him.  Thirdly he claims that "the jury will likely be confused by

the antagonistic defenses between Otis McAllister and his co-defendants". Lastly, he asserts that "evidence of co-defendant's wrongdoing erroneously could lead a jury to conclude that Otis McAllister is guilty."

As his first ground for severance, the defendant alleges that at a joint trial he would be prevented from calling co-defendants as witnesses if they are tried together. In order to support a request for severance on such claims, the defendant must show 1) that he would call the co-defendant as a witness at a separate trial, 2) that the co-defendant would testify at this trial and 3) that the testimony of the co-defendant would be exculpatory. United States v. Voss, 787 F.2d 393, 401 (8th Cir.), cert. denied, 479 U.S. 888 (1986). The defendant has not met these requirements and has not shown by proffer, affidavit or otherwise that any co-defendant would testify or that his testimony would be exculpatory. Under the circumstances, such speculative allegations do not serve as grounds for severance.

As his second ground for severance the defendant asserts that co-defendants have made statements to law enforcement officials concerning their involvement in the matters alleged in the indictment and which are prejudicial to him. The Supreme Court in Bruton v. United States, 391 U.S. 123 (1968), held that a defendant is deprived of his right to confront witnesses against him when the confession of a co-defendant which incriminates the

defendant is admitted at trial. In <u>Cruz v. New York</u>, 481 U.S. 186 (1987), the Court held that this is so even when the defendant's own incriminating statement is admitted at the trial. In that same term however, the Court went on to recognize a limited exception to the rule set out in <u>Bruton</u>. In <u>Richardson v. Marsh</u>, 481 U.S. 200 (1987), the Court held that when a co-defendant's statement is redacted to eliminate any reference not only to the defendant's name, but any reference to his or her existence, then there is no violation of the confrontation clause, provided that proper limiting instructions are given. The government in the instant case proffers that they can and will redact any statements offered in evidence to fall within the narrow constraints of <u>Marsh</u>. Provided that they do, severance is not warranted on the basis that statements of co-defendants might be admitted at trial.

The defendant's third ground in support of his motions for severance is that he and his co-defendants have "antagonistic" defenses which will confuse the jury. In <u>Zafiro v. United States</u>, 506 U.S. 534, 538 (1993), the Supreme Court held that the joint trial of defendants with mutually antagonistic or irreconcilable differences is not prejudicial <u>per</u> <u>se</u>. Hostility or finger pointing among defendants is not enough to require separate trials. <u>Id.</u> at 540. "The mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." <u>United States v. Johnson</u>, 944 F.2d 396, 403 (8th Cir.), <u>cert</u> <u>denied</u>, 502 U.S. 1008 (1991). Severance is required only when "there is a

serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. "'Antagonistic' defenses require severance only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty". United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010) (emphasis in original), quoting United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996). A joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome. United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995), cert. denied, 517 U.S. 1449 (1996). The defendant bears a heavy burden in demonstrating that he is entitled to a severance based on irreconcilable or antagonistic defenses. Sandstrom, supra at 644. The defendant has not met that burden here.

Lastly the defendant claims that if he is tried with his co-defendants evidence of their wrongdoing could spill over upon this defendant and lead the jury to conclude that he is guilty. Such concerns may be remedied and addressed by appropriate instructions to the jury. Sandstrom, supra at 646; United States v. Boone, 437 F.3d 829, 838 (8th Cir. 2006).

## Conclusion

For all of the foregoing reasons the Defendant's Motion For Severance should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion For Severance (Docket No. 196) be denied.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **July 30, 2012**. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).


_____
UNITED STATES MAGISTRATE JUDGE


Dated this 16th day of July, 2012.